FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 0 2 2010

JAMES N. HATTEN, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Miguel Lugo, | ) | |
|     Plaintiff | ) | Civil Action No. |
| | ) | |
| v. | ) | **1 10-CV-1691** |
| | ) | |
| Imperial Investments Airport, | ) | **JURY TRIAL DEMANDED** |
| LLC, D/B/A Hampton Inn | ) | |
| & Suites, | ) | -JEC |
|     Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Miguel Lugo, by and through undersigned counsel, and hereby files this complaint against Defendant Imperial Investments Airport, LLC, (hereafter "Imperial") which is conducting business as Hampton Inn and Suites, and shows the Court as follows:

1. Mr. Lugo brings this action against Defendant for overtime compensation, liquidated damages, attorney fees, interest, and any other relief authorized under the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") for losses he suffered as a result of Defendant's unlawful acts.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, which confers original jurisdiction upon the district court "of all civil actions arising under the constitution, laws, or treaties of the United States." This action arises by

1

way of the Fair Labor Standard Act, a federal statute. Jurisdiction is also appropriate pursuant to 29 U.S.C. §216(b).

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because the acts, events and omissions which violated the FLSA occurred in Fulton County, Georgia, which falls within the Northern District of Georgia's Atlanta Division.

## PARTIES

4.  Plaintiff Miguel Lugo is a resident of Hapeville, Georgia. Hapeville is located in Fulton County, Georgia. Mr. Lugo was employed by the defendant from September of 2007 until April 23, 2010.

5.  Defendant Imperial is a Georgia Corporation that operates hotels. Among those hotels is the Hampton Inn and Suites located at 3450 Bobby Brown Parkway, East Point, Georgia 30344. East Point is located in Fulton County, Georgia and is therefore within the jurisdiction of this Court.

6.  Imperial is an employer as defined by 29 U.S.C. § 201 *et seq.*

7.  Defendant may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure by service on Registered Agent Nitin Shah by mailing the complaint and summons to 330 Research Court, Suite 200, Norcross, Georgia 30092.

## STATEMENT OF FACTS

8.  Mr. Lugo began work for the Defendant in September of 2007.

9.     Mr. Lugo's job title was chief engineer. His responsibilities were that of a handyman, and included repairing anything that broke in the hotel, along with cleanup and maintenance of the pool and the parking lot.

10.    Mr. Lugo's starting salary was $27,000.00. After approximately six months his salary was raised to $30,000.00.

11.    Mr. Lugo was told he must work between 50 and 60 hours per week and that he must be on call after hours for maintenance emergencies. Often, he was required to work over 60 hours per week without any overtime compensation.

12.    Initially, the defendant considered Mr. Lugo "exempt" from the Federal Wage and Hour laws that require overtime payment.

13.    Mr. Lugo was never given any help with his handyman duties, he never supervised any employees and he never received any training.

14.    At some point during the course of employment, the Defendant internally characterized Mr. Lugo as a non-exempt employee.

15.    No duties or conditions of the job changed either before or after Mr. Lugo was classified as non-exempt hourly employee.

16.    Though Mr. Lugo was reclassified as "non exempt hourly," his paychecks never accurately reflected the hours he worked and he was never paid appropriate overtime.

17.　In the entire course of his employment Mr. Lugo was only once paid overtime: on April 20, 2010 he was paid for .18 of an hour, $3.51.

18.　Mr. Lugo's employment ceased when he retired on April 23, 2010.

## COUNT-1 VIOLATION OF FLSA OVERTIME PROVISIONS, 29 U.S.C. §201 *et seq.*

19.　Plaintiff reincorporates and adopts all allegations contained in paragraph One through Eighteen above.

20.　Mr. Lugo was employed by a company that is engaged in commerce and meets the definition of employer under the FLSA.

21.　By virtue of Defendant's failure and refusal to pay overtime compensation, the FLSA was violated and Mr. Lugo was deprived of compensation for his work in excess of forty hours per week at a rate of one and a half times his regular rate.

22.　The Defendant knew that characterizing Mr. Lugo as exempt was prohibited and it showed reckless disregard in classifying him as exempt. Accordingly, Mr. Lugo is entitled to recover lost wages going back three years from the date the lawsuit was filed.

23.　After changing his classification to non-exempt, the Defendant knew that failing to pay Mr. Lugo overtime was prohibited and it showed reckless disregard in listing 40 hours per week as the amount of hours worked in order to avoid

paying any overtime. Accordingly, Mr. Lugo is entitled to recover lost wages going back three years from the date the lawsuit was filed.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Lugo demands judgment against the Defendant for payment of all overtime hours at one and a half of the regular rate of pay for hours worked within three years of the date this lawsuit was filed, and also liquidated damages, attorney fees, costs, interest, and all further relief the Court or Jury determines to be just and appropriate.

## JURY DEMAND

Mr. Lugo requests a Jury Trial for all issues appropriate for the jury.

This 2nd day of June, 2010.

                                    Respectfully Submitted,

                                    */s/ T.C.W.*

                                    Thomas C. Wooldridge
                                    Ga. Bar. No. 384108
                                    Attorney For the Plaintiff

Wooldridge and Jezek, LLP
1230 Peachtree Street NE
Suite 1800
Atlanta, Georgia 30309
Tel: 404-304-4545
Fax: 770-206-5236